GkeeN, J.
delivered the opinion of the court.
The plaintiff in error was indicted, in Stewart county, for an assault upon Margaret Buchanan, a white woman, with intent to commit a rape. He was found guilty in the Circuit Court, and appealed to this Court.
1st. The bill of exceptions shows, that when the jury to try the prisoner was being empannelled, Robert Tompkins was called, who stated, that he had married a niece of Brigham’s, the owner of the prisoner; that he had formed some sort of opinion in relation to the case; that he had not conversed with any of the witnesses in the cause, nor did he know whether the persons who gave him information on the subject were acquainted with the facts; that the first he had heard of the matter was from one of his negroes. Upon this statement, the court determined said Tompkins to be incompetent to serve as a juror in this cause, to which the defendant excepted. The character of information upon which this juror had formed “some sort of opinion,” to use his own expression, was hardly such as to have authorized his rejection, according to the principles stated *271 in the case of McGowan vs. The State, (9 Yerg. Rep. 193,) and repeated in Pace’s case, (3 Hump. Rep. 376.) And, therefore, we are of opinion, that the court would not have erred, had the individual in question been put to the prisoner, as being-above exception. But it does not follow, that because the party might have been received as a juror, that his . rejection is error, for which this court will reverse the judgment. Certainly,-if there was doubt, whether the party summoned had formed such opinion as would render him unfit to be a juror in the cause, the safe-course was that adopted by his Honor, the Circuit Judge. The great object of the constitution and the law, is, that an impartial jury may be obtained in every case. The rejection of Tompkins had no tendency to prevent the attainment of this end, for the prisoner, so far as we can see, did not exhaust his challenges before the jury was fully made up, and consequently he obtained an entire panel of his own choice. Furthermore, in a case of this sort, no advantage .could accrue to a prisoner, should a new trial be awarded. The only effect of such new trial would be, that the prisoner would be enabled to obtain an impartial jury; but he has already had the benefit of such a jury of his own choice. He has, therefore, suffered no injury, nor would another trial confer any benefit in this respect. It is insisted, that the evidence in the cause was not such as to warrant the verdict.
The girl, who was assailed, states, that the prisoner met her at the spring, two hundred yards from the house, (her father and mother being from home,) and after asking her some questions upon indifferent subjects she became alarmed, and started towards the house, and had gone but a few steps, when he caught her by the back of the neck and choked her down several times; that she cried out, and he left her. No attempt was made to ravish her; no embrace, or word, or action, indicating a wish to have carnal knowledge of her. Two witnesses prove, that when he was told by the Justice, at the lime he was first arrested, that he must plead guilty or not guilty, he said, “he took hold of the girl.” .
From this evidence , if any motive of anger, or illwill could have been shown to exist, we should be clearly of opinion, that *272 the assault and choaking were referable to that, rather than to the intent to ravish. But there is no evidence of such motive, and the jury were, perhaps, warranted in arriving at the conclusion, that the assault was commenced with an intention to ravish, but which intention was immediately abandoned. Although the verdict in a criminal case will be set aside in this court, upon grounds which would not authorize us to disturb the finding of a jury in a civil cause, yet in all cases, a verdict must have some influence with this court. Dains vs. The State, 2 Hump. Rep.; Kirby vs. The State, 3 Hurhp. Rep. And, hence, we would feel scarcely authorized to give a new trial upon this evidence.
3d. But in this record, there is no entry showing that the grand jury returned into open court, with the bill of indictment “a true bill.” This court, in the case of Chappell vs. The State, (8 Yerg. R. 166,) held, that such entry of record was indis-pensible to verify the finding of the grand jury. In the case of Blevins vs. The State, (Meigs’ Rep. 82.) Chappell’s case, although pronounced to be on the verge of the law, is adhered to as the settled law of the court. These cases have been constantly acted upon ever since.
4th. It is no where shown, in this bill of exceptions, that Margaret Buchanan is a white woman. The act of 1833, ch. 75, sec. 1, declares, that the punishment of death shall be inflicted upon any negro who shall assault a white woman with an intent to commit a rape. To create the offence, it must be shown, that the assault was committed on a white woman, not necessarily by the proof of witnesses, for the exhibition of the woman as a. witness before the jury, would perhaps be sufficient evidence to support this charge in the indictment. Bat when the case comes before this court, it must appear from the bill of exceptions, that the woman on whom the assault was committed was white. See Elijah vs. The State, 2 Hump. Rep., and Grandison vs. The State, 2 Hump. Rep.
For these errors in the record, the judgment must be reversed.